UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GIDDEL PEDRO CHAVALOC CHOROR and FLORIBERTO
PASCUAL CHINO, individually and on behalf of all others
similarly situated,

                           Plaintiffs,

      -against-

FRESCOS PIZZERIA CORP. and ALFRED MITAJ, as an
individual,

                           Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiffs **GIDDEL PEDRO CHAVALOC CHOROR and FLORIBERTO PASCUAL CHINO**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiffs") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs, through undersigned counsel, brings this action against **FRESCOS PIZZERIA CORP. and ALFRED MITAJ, as an individual** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at against **FRESCOS PIZZERIA CORP.**, located at 804 W 187th St., New York, NY 10033.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

1

4. This Court has supplemental jurisdiction over Plaintiffs' other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES
### *The Plaintiffs*

7. Plaintiff GIDDEL PEDRO CHAVALOC CHOROR residing at Jackson Heights, NY was employed by FRESCOS PIZZERIA CORP., located at 804 W 187th St., New York, NY 10033 from in or around June 2019 until in or around February 2024.

8. Plaintiff FLORIBERTO PASCUAL CHINO residing at New York, NY was employed by FRESCOS PIZZERIA CORP., located at 804 W 187th St., New York, NY 10033 from in or around April 2016 until in or around November 2023.

### *The Defendants*
### FRESCOS Pizzeria Corp.

9. Defendant, FRESCOS PIZZERIA CORP., is a New York domestic business corporation, organized under the laws of the State of New York with principal executive offices and service of process address located at 804 W 187th St., New York, NY 10033.

10. Defendant, FRESCOS PIZZERIA CORP., is a New York domestic business corporation authorized to do business under the laws of New York.

### Individual Defendant Alfred Mitaj

11. At all relevant times hereto, Defendant ALFRED MITAJ owns and operates FRESCOS PIZZERIA CORP.

12. At all relevant times hereto, Defendant ALFRED MITAJ is an agent of FRESCOS PIZZERIA CORP.

13. At all relevant times hereto, Defendant ALFRED MITAJ is responsible for overseeing the daily operations of FRESCOS PIZZERIA CORP.

14. At all relevant times hereto, Defendant ALFRED MITAJ has power and authority over all the final personnel decisions of FRESCOS PIZZERIA CORP.

15. At all relevant times hereto, Defendant ALFRED MITAJ has the power and authority over all final payroll decisions of FRESCOS PIZZERIA CORP., including the Plaintiffs.

16. At all relevant times hereto, Defendant ALFRED MITAJ has the exclusive final power to hire the employees of FRESCOS PIZZERIA CORP., including the Plaintiffs.

17. At all relevant times hereto, Defendant ALFRED MITAJ has exclusive final power over the firing and terminating of the employees of FRESCOS PIZZERIA CORP., including Plaintiffs.

18. At all relevant times hereto, Defendant ALFRED MITAJ is responsible for determining, establishing, and paying the wages of all employees of FRESCOS PIZZERIA CORP., including the Plaintiffs, setting their work schedules, and maintaining all their employment records of the business.

19. Accordingly, at all relevant times hereto, Defendant ALFRED MITAJ was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

20. At all times relevant to the allegations contained in the complaint, Corporate Defendant was, and is, an enterprise engaged in interstate commerce within the meaning of the FLSA in that FRESCOS PIZZERIA CORP., (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

**RELEVANT STATUTORY PERIOD**

21. Under the FLSA and NYLL, Plaintiffs' federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. As this Complaint is filed in March 2024, the relevant statutory period for Plaintiffs' claims asserted herein encompasses the entirety of the period spanning March 2018 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS
## GIDDEL PEDRO CHAVALOC CHOROR

22. Plaintiff GIDDEL PEDRO CHAVALOC CHOROR was employed by FRESCOS PIZZERIA CORP., with primary duties as a food preparer and cook while performing related miscellaneous duties for the Defendants, from in or around June 2019 until in or around February 2024.

23. Plaintiff GIDDEL PEDRO CHAVALOC CHOROR regularly worked six (6) days per week from in or around June 2019 until in or around February 2024.

24. Plaintiff regularly worked a schedule of shifts beginning at approximately 11:00 a.m. each workday and regularly ending at approximately 10:00 p.m. or later, twice a week; from approximately 3:00 p.m. each workday and regularly ending at approximately 10:00 p.m. or later, twice a week; and from approximately 10:00 a.m. each workday and regularly ending at approximately 10:00 p.m. or later, twice a week, from in or around June 2019 until in or around February 2024.

25. Thus, Plaintiff was regularly required to work approximately sixty (60) hours per week from in or around June 2019 until in or around February 2024.

26. Plaintiff was paid by Defendants a flat hourly rate of approximately $17.00 per hour for all hours worked from in or around June 2019 until in or around December 2022 and approximately $18.00 per hour for all hours worked from in or around January 2023 until in or around February 2024.

27. Although Plaintiff regularly worked sixty (60) hours or more hours per week from in or around June 2019 until in or around February 2024, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

28. Furthermore, Plaintiff GIDDEL PEDRO CHAVALOC CHOROR worked in excess of ten (10) or more hours per day approximately four (4) days per week from in or around June 2019 until in or around February 2024, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

29. Furthermore, Plaintiff was not compensated for his one (1) workday by the Defendants.

30. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.
31. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.
32. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.
33. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper minimum wages and overtime wages.
34. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.
35. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## **FLORIBERTO PASCUAL CHINO**

36. Plaintiff FLORIBERTO PASCUAL CHINO was employed by FRESCOS PIZZERIA CORP., with primary duties as a delivery person and cleaner while performing related miscellaneous duties for the Defendants, from in or around April 2016 until in or around November 2023.
37. During the relevant statutory period, Plaintiff FLORIBERTO PASCUAL CHINO regularly worked six (6) days per week.

38. Plaintiff regularly worked a schedule of shifts beginning at approximately 11:00 a.m. each workday and regularly ending at approximately 11:00 p.m. or later, six (6) days per week, during the relevant statutory period.

39. Thus, Plaintiff was regularly required to work approximately seventy-two (72) hours per week during the relevant statutory period.

40. Plaintiff was paid by Defendants a flat hourly rate of approximately $7.00 per hour for all hours worked from in or around February 2018 until in or around December 2022 and approximately $10.00 per hour for all hours worked from in or around January 2023 until in or around November 2023.

41. Defendants failed to pay Plaintiff FLORIBERTO PASCUAL CHINO the legally prescribed minimum wage for all his hours worked during the relevant statutory period, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

42. Although Plaintiff regularly worked seventy-two (72) hours or more hours per week during the relevant statutory period, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

43. Furthermore, Plaintiff FLORIBERTO PASCUAL CHINO worked in excess of ten (10) or more hours per day approximately six (6) days per week during the relevant statutory period, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

44. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

45. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

46. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

47. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper minimum wages and overtime wages.

48. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

49. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## DEFENDANTS' VIOLATIONS UNDER NYLL
## COMMON TO ALL PLAINTIFFS

50. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

51. Upon information and belief, Defendants failed to provide Plaintiffs with a wage notice at the time of their hire or at any time during their employment in violation of the NYLL.

52. Upon information and belief, Defendants failed to provide Plaintiffs with an accurate wage statement that included all hours worked and all wages received each week when Plaintiffs were paid in violation of the NYLL.

53. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiffs suffered a concrete harm, resulting from Plaintiffs' inability to identify Plaintiffs' employer to remedy their compensation problems, lack of knowledge about the rates of pay they were receiving and/or should have receiving for their regular hours and overtime hours, terms, and conditions of their pay, and

furthermore, an inability to identify their hourly rate of pay to ascertain whether they was being properly paid in compliance with the FLSA and NYLL – which they were not.

54. Furthermore, Defendants' alleged willful failures to provide Plaintiffs with these documents prevented Plaintiffs from being able to calculate their hours worked, and proper rates of pay, and determine if they were being paid time-and-a-half for their overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

55. Plaintiffs bring this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

56. Collective Class: All persons who are or have been employed by the Defendants as food preparers, cooks, delivery persons, cleaners, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

57. Upon information and belief, Defendants employed approximately 15 or more employees within the relevant time period who were subjected to similar payment structures.

58. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

59. Defendants' unlawful conduct has been widespread, repeated, and consistent.

60. Upon information and belief, Defendants had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

61. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

62. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
63. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
64. The claims of Plaintiffs are typical of the claims of the putative class.
65. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.
66. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

**FIRST CAUSE OF ACTION**
**Overtime Wages Under The Fair Labor Standards Act**

67. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
68. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.
69. At all times relevant to this action, Plaintiffs were engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.
70. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
71. Defendants willfully failed to pay Plaintiffs' overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

72. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.

73. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

### SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

74. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

75. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

76. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

77. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION

### Minimum Wages Under New York Labor Law

78. Plaintiffs re-allege and incorporate by reference all allegations contained in all preceding paragraphs.

79. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

80. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.
81. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.
82. Defendants failed to credit or compensate Plaintiffs the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.
83. Defendants failed to pay Plaintiffs the required minimum wage, which Plaintiffs were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.
84. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FOURTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

85. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
86. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4
87. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## FIFTH CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

88. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

89. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

90. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

91. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SIXTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

92. Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

93. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

94. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

95. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## SEVENTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

96. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

97. Defendants failed to provide Plaintiffs with wage statements, upon each payment of their wages, as required by NYLL §195(3).

98. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

99. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
100. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
101. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiffs' unpaid overtime wages;
c. Awarding Plaintiffs' unpaid minimum wages;
d. Awarding Plaintiffs' unpaid spread of hours compensation;
e. Awarding Plaintiffs' unpaid wages;
f. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
g. Awarding Plaintiffs prejudgment and post-judgment interest;
h. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and
i. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated: March 27, 2024
       Kew Gardens, NY

                                          *Roman Avshalumov*
                                          Roman Avshalumov (RA 5508)
                                          Helen F. Dalton & Associates, P.C.
                                          80-02 Kew Gardens Road, Suite 601
                                          Kew Gardens, New York 11415
                                          Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GIDDEL PEDRO CHAVALOC CHOROR and FLORIBERTO PASCUAL CHINO, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

FRESCOS PIZZERIA CORP. and ALFRED MITAJ, as an individual,

Defendants,

<b>COLLECTIVE ACTION COMPLAINT</b>

<i>Jury Trial Demanded</i>

<b>HELEN F. DALTON & ASSOCIATES, P.C.</b>
<i>Attorneys for the Plaintiff</i>
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

*Service via Secretary of State and Personal Service:*
**FRESCOS PIZZERIA CORP. (DOS ID: 4703338)**
804 West 187th Street, New York, NY 10033

**ALFRED MITAJ**
804 West 187th Street, New York, NY 10033